UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MEDLIANT INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23–cv–4830 |
| | § | |
| ROSELYN A. TABANGAY, | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

The plaintiff, Medliant Inc. ("Medliant"), states for its Complaint against the defendant, Roselyn A. Tabangay ("Tabangay"), as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Medliant is a Nevada corporation with its principal place of business in Tennessee.

2.      Tabangay is an individual residing at 11540 Chimney Rock, Apartment 137, Houston, Texas 77035. Tabangay may be served with process by personal service at her residence or wherever she may be found.

3.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between Medliant, a citizen of the States of Nevada and Tennessee, and Tabangay, a citizen of the State of Texas.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Tabangay resides in this District.

## FACTUAL BACKGROUND

5.      Medliant provides employment-related placement services throughout the United States, including to hospitals and other healthcare providers in southeast Texas.

6.      One of the many reasons why Medliant is so successful in providing placement services to its healthcare clients is primarily due to Medliant's willingness to incur significant upfront costs in securing quality employees from around the world, including employees originally from the Philippines.

7.      Medliant sponsors each international employee in connection with securing a Green Card, which includes paying for all costs and expenses associated with this process.

8.      Medliant also pays for all travel to the United States for each employee, one month's living accommodations for each employee, and reimburses each employee for all federal and state license-related application fees and expenses.

9.      In accordance with this practice, on March 13, 2020, Medliant and Tabangay entered into an Agreement for Employment (the "Agreement") for Tabangay to come to the United States from the Philippines to work as a full-time registered nurse for Medliant at Baptist Hospitals of Southeast Texas.

10.     Pursuant to the Agreement, Medliant agreed to sponsor and pay for Tabangay's Green Card processing, Tabangay's travel expenses to Texas, one month's living accommodations, and to reimburse Tabangay for all federal and state license-related application fees and expenses.

11.     In consideration for the benefits described above, Tabangay agreed to work a minimum of five thousand two hundred (5,200) straight-time hours for Medliant.

12.     Tabangay also acknowledged that if she left Medliant's employment prior to the completion of her assignment, that Medliant would not have made a reasonable amount of profit in relation to Medliant's investment of time, effort, and money in promoting, training, testing, and licensing and otherwise assisting Tabangay to become a United States employee.

13.     As a result, Tabangay agreed that if she voluntarily left Medliant, she would pay, as liquidated damages, two thousand five hundred dollars ($2,500.00) for each month remaining on her obligation.

14.     In addition to the liquidated damages, Tabangay also agreed she would reimburse Medliant for the costs of immigration Medliant paid on Tabangay's behalf if she resigned prior to completion of her obligation.

15.     On December 28, 2023, Tabangay resigned from Medliant.

16.     Tabangay has breached the Agreement because she has not paid Medliant the liquidated damages owed to Medliant upon her departure.

17.     Tabangay also breached the Agreement because she has not reimbursed Medliant for the costs of immigration upon her departure.

## COUNT I – BREACH OF CONTRACT

18.     Medliant incorporates by reference the allegations set forth above.

19.     The Agreement is a valid and enforceable contract.

20.     Tabangay has breached the Agreement because she has not paid Medliant the liquidated damages owed to Medliant.

21.     Tabangay also breached the Agreement because she has not reimbursed Medliant for the costs of immigration.

22.    As a result of Tabangay's breaches, Medliant is entitled to liquidated damages plus the costs of immigration paid by Medliant on Tabangay's behalf.

23.    Alternatively, Medliant is entitled to actual damages as a result of Tabangay's breaches of the Agreement.

24.    Pursuant to Sections 2(d) and 18 of the Agreement, Medliant is also entitled to an award of its reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

Medliant requests that the Court:

A.    Award liquidated damages plus the costs of immigration to Medliant in accordance with the Agreement;

B.    Alternatively, award Medliant its actual damages as a result of Tabangay's breaches of the Agreement;

C.    Award Medliant its attorneys' fees and costs pursuant to Sections 2(d) and 18 of the Agreement;

D.    Award Medliant pre-judgment and post-judgment interest in the maximum amount permitted by law; and

E.    Award Medliant any and all other relief to which it is entitled.

Respectfully submitted,

By:    s/ R. Brandon Bundren
       R. Brandon Bundren
       Attorney-in-Charge
       Texas Bar No. 24050353
       S.D. Tex. Fed. Id. 608098
       BRADLEY ARANT BOULT CUMMINGS LLP
       1221 Broadway, Suite 2400
       Nashville, Tennessee 37203
       P: (615) 252-4647
       F: (615) 248-3047
       Email: bbundren@bradley.com

       *Attorney for Medliant Inc.*